UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOUNGHUN KIM,

              Petitioner,

    v.

MARKWAYNE MULLIN, et al.,

              Respondents.

Case No. C26-0805-SKV

ORDER DENYING HABEAS
PETITION

## I.   INTRODUCTION

Petitioner Younghun Kim, who proceeds with counsel and is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Petitioner argues his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. *See id*. at 11. He seeks immediate release from custody or, in the alternative, an individualized bond hearing before an immigration judge, as well as injunctive and declaratory relief. *See id*. at 12.

ORDER DENYING HABEAS PETITION - 1

Respondents filed a return to the petition, Dkt. 6, together with supporting declarations from ICE Deportation Officer Andre Ouk, Dkt. 7, and Respondents' counsel Jordan Steveson, Dkt. 8, and Petitioner filed a reply to the return, Dkt. 9. This matter is now ripe for review.

The Court, having considered the parties' submissions and the governing law, finds the petition properly denied and this matter subject to dismissal without prejudice for failure to exhaust administrative remedies.

## II.    BACKGROUND

Petitioner is a native and citizen of South Korea. Dkt. 7, ¶4. He entered the United States on August 22, 2014, on an F-1 student visa, maintained lawful status during his studies, and later worked pursuant to Optional Practical Training until that authorization expired. *Id.*, ¶4; Dkt. 1, ¶1. Petitioner's F-1 status was terminated on July 4, 2017. Dkt. 7, ¶5. He has continuously resided in the United States since that time, has established strong ties to the community, obtained a business license in 2016 while working for a construction company, and has no criminal convictions. *See* Dkt. 1, ¶2.

On December 10, 2025, Petitioner was taken into ICE custody following a traffic stop. *Id.*, ¶3; Dkt. 7, ¶6; Dkt. 8, Exs. B-C.[1] On that same date, Petitioner signed a document agreeing to his removal from the United States and his return to Korea. Dkt. 7, ¶7; Dkt. 8, Ex. D. However, on the following day, Petitioner asked to withdraw his voluntary departure request and to see an immigration judge. Dkt. 7, ¶7. He was also served with a Notice to Appear (NTA) placing him in removal proceedings and charging him as removable pursuant to Immigration and

---

[1] As Petitioner observes, Steveson's declaration states that the attached exhibits are true and correct copies of Petitioner "Uriel Mendoz-Araiza's" A-file. Dkt. 8, ¶2. Petitioner asserts that this error undercuts the reliability of Respondents' factual presentation and reinforces why the Court should not accept Respondents' position in relation to his petition. Dkt. 9 at 2. However, Petitioner is identified by name in each of the exhibits attached to the declaration and Petitioner does not set forth any basis for calling into question the accuracy or authenticity of the exhibits themselves.

ORDER DENYING HABEAS PETITION - 2

Nationality Act (INA) § 237(a)(1)(c)(i), *see* 8 U.S.C. § 1227(a)(1)(c)(i), for failure to maintain conditions of nonimmigrant status under which he was admitted to the United States. *Id.*, ¶8; Dkt. 8, Ex. 8, Ex. A (NTA dated December 11, 2025).

On January 13, 2026, Petitioner filed a motion in the immigration court requesting voluntary departure. Dkt. 7, ¶9. On January 15, 2026, an immigration judge granted Petitioner's application for voluntary departure "under safeguards" with an alternative order of removal to South Korea. *Id.*, ¶10; Dkt. 8, Ex. E. Both parties waived appeal. *See id.* However, on February 12, 2026, Petitioner appealed the immigration judge's order. Dkt. 7, ¶11; *see also* Dkt. 8, Ex. F (filing receipt for appeal or motion). That appeal remains pending. Dkt. 1, ¶4; Dkt. 7, ¶12.

Petitioner filed his habeas petition with this Court on March 10, 2026. Dkt. 1. He asserts that he has not been provided a meaningful opportunity to challenge his continued detention before a neutral decisionmaker, and that Respondents have detained him without providing an individualized custody determination addressing whether he poses a flight risk or danger to the community. *Id.* Respondents argue the petition should be dismissed due to Petitioner's failure to exhaust his administrative remedies and that his continued detention comports with due process. *See* Dkt. 6.

### III.    DISCUSSION

The parties do not dispute that Petitioner lacked lawful status in the United States at the time he was detained and that his removal proceedings are not yet final. Also, while denying its relevance to the issue before the Court, Petitioner does not refute Respondents' contention as to the statutory basis for his detention. *See* Dkts. 1 & 9. As Respondents observe, because Petitioner's removal proceedings are ongoing, his continued detention is governed by 8 U.S.C. §

ORDER DENYING HABEAS PETITION - 3

1226(a).  The Court, as such, begins its analysis by outlining the statutory basis for Petitioner's detention and associated procedures.

A.    Statutory Basis for Detention

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of non-citizens, such as Petitioner, who are in removal proceedings.  8 U.S.C. § 1226; *see also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").  Section 1226(a) grants the Government the discretionary authority to determine whether a noncitizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the noncitizen falls within one of the categories of criminals described in § 1226(c), for whom detention is mandatory.  8 U.S.C. § 1226.

When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond.  *See* 8 C.F.R. § 236.1(c)(8).  After the initial custody determination, the detainee may request a bond redetermination by an immigration judge.  8 C.F.R. § 236(d)(1).

At the bond redetermination hearing, the burden is on the detainee to show to the satisfaction of the immigration judge that he warrants release on bond.  *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).  In making a bond decision under § 1226(a), an immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."  *Id*. (citing *In re Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)).  An immigration judge may also consider any number of discretionary factors, including:  (1) whether the detainee has a fixed address in the United States; (2) the detainee's length of residence in the United States; (3) the detainee's family ties in the United

ORDER DENYING HABEAS PETITION - 4

States, and whether they may entitle the detainee to reside permanently in the United States in the future; (4) the detainee's employment history; (5) the detainee's record of appearance in court; (6) the detainee's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the detainee's history of immigration violations; (8) any attempts by the detainee to flee persecution or otherwise escape authorities; and (9) the detainee's manner of entry to the United States. *Id*.

Once an immigration judge has made an initial bond redetermination, a detainee's request for a subsequent bond redetermination must be made in writing and must show the detainee's circumstances have changed materially since the prior bond redetermination. 8 C.F.R. § 1003.19(e). If the immigration judge denies bond, the detainee may appeal to the Board of Immigration Appeals (BIA). *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008); 8 C.F.R. § 236.1(d)(3). If the BIA affirms the immigration judge's decision, the detainee may seek habeas relief from the district court. *See Singh v. Holder*, 638 F.3d 1196, 1200-03 (9th Cir. 2011); *Leonardo v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011); *Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir. 2004).

B.      Prudential Exhaustion

Respondents assert that, despite having legal counsel in his immigration proceedings, Petitioner has never requested a bond redetermination hearing by an immigration judge. *See* Dkt. 6 at 2-5; Dkt. 7, ¶12. They argue that, given Petitioner's failure to request such a hearing or to appeal any adverse hearing decision to the BIA, the habeas petition should be denied for failure to exhaust administrative remedies.

Petitioner asserts that the issue before the Court is not whether his detention is permissible under § 1226(a) or whether he is "theoretically" eligible for a bond hearing under

that statute, but, rather, whether his right to due process has been violated through the failure to provide him constitutionally adequate procedures to ensure his continued detention is necessary to prevent flight or danger.  Dkt. 9 at 8.[2]  He argues that Respondents improperly rely on procedures that "exist in theory," and that their argument would allow for prolonged detention without meaningful judicial oversight so long as a detainee could theoretically request a bond hearing.  *Id*. at 6.

Petitioner does not deny that he has never requested a bond redetermination hearing.  *See* Dkt. 9.  The Court, as such, considers whether the habeas petition is properly dismissed for failure to exhaust administrative remedies.

As Respondents observe, exhaustion here is a prudential, rather than a jurisdictional, requirement.  *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  A court may still require prudential exhaustion where:  (1) agency expertise is necessary to build a proper record; (2) waiving the requirement would encourage bypassing the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes, obviating the need for judicial intervention.  *Id*. (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).  If a court determines that an immigration detainee has failed to exhaust administrative remedies as a prudential matter, it should either dismiss the matter without prejudice or stay the case to permit exhaustion.  *Id*.  However, even if these factors weigh in favor of prudential exhaustion, the Court may waive the requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will

---

[2] In the petition, Petitioner cites to decisions from this Court finding due process violations and granting habeas relief due to the failure to provide a hearing.  *See* Dkt. 1 at 3-4, 8-9 (cited cases omitted).  However, as Respondents observe, those cases are distinguishable because they address due process claims by petitioners who had been re-detained following a prior release on parole or an order of recognizance.  *See, e.g., E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1319, 1321-24 (W.D. Wash. 2025).

ORDER DENYING HABEAS PETITION - 6

result, or the administrative proceedings would be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, C18-1441-RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citing *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018) (petitioner "must show that at least one of the *Laing* factors applies in order to excuse exhaustion"), and *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (declining to waive exhaustion requirement because petitioner has not "demonstrated grounds for excusing [them]")).

In this case, there has been no opportunity for the application of agency expertise in relation to a bond request, Petitioner seeks release from detention, and a determination as to that request necessitates numerous factual considerations properly developed and weighed by an immigration judge in the first instance. Further, waiving exhaustion would encourage detainees to deliberately bypass the established administrative scheme, which contemplates bond determinations by immigration judges, not the district court. Finally, the outcome of a bond redetermination by an immigration judge may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review. These factors weigh in favor of requiring prudential exhaustion. *See, e.g., Coke v. Scott*, C25-0694-RSM-BAT, 2025 WL 2108711, at *5 (W.D. Wash. June 18, 2025) (finding same where petitioner did not claim he had requested a bond redetermination hearing and Respondents averred he had not done so), *report and recommendation adopted*, 2025 WL 2107736 (W.D. Wash. July 28, 2025); *Chavez v. Immigr. & Customs Enf't Field Off. Dir.*, C23-1631-JNW-SKV, 2024 WL 1661159, at *1-3 (W.D. Wash. Jan. 25, 2024) (finding same where Petitioner withdrew and never renewed a request for a bond redetermination hearing), *report and recommendation adopted*, 2024 WL 1658973 (W.D. Wash.

ORDER DENYING HABEAS PETITION - 7

Apr. 17, 2024). *Contra W.T.M. v. Bondi*, C25-2428-RAJ-BAT, 2026 WL 262583, at \*2-3 (W.D. Wash. Jan. 30, 2026) (factors weighed against requiring exhaustion where, *inter alia*, petitioner raised a constitutional challenge to the adequacy of his bond redetermination hearing, which was better suited to review by the federal court, and it was unlikely a BIA appeal would allow for correction of the alleged constitutional defect); *Scott v. Wamsley*, C25-1819-TMC, 2025 WL 3514304, at \*4 (W.D. Wash. Dec. 8, 2025) (factors weighed against requiring exhaustion where the basis for petitioner's detention was fundamentally a question of law, he had diligently pursued administrative remedies, and the BIA's reasoning in an appeal of his removal order demonstrated the agency's position was "'already set,' making further exhaustion futile."), *reconsideration denied*, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026).

As related to waiver of the exhaustion requirement, Petitioner appears to argue that any "theoretical" administrative remedies are inadequate because they would not cure the constitutional injury resulting from the failure to provide him a bond hearing at any point during his detention. *See, e.g.*, Dkt. 9 at 5. However, Petitioner does not deny that he could have, but has never, requested a bond redetermination hearing. He also fails to explain why he believes such a hearing is no more than a theoretical possibility. Also, while asserting that there is nothing to show he was informed his failure to request a hearing would result in his continued detention without an automatic custody review, or that the burden rested on him to request such a hearing, *see id.*, Petitioner does not refute Respondents' assertion that he is represented by counsel in his immigration proceedings, *see* Dkt. 6 at 2; Dkt. 7, ¶12. The Court, given these circumstances, does not find a sufficient showing to waive the exhaustion requirement.

Nor does Petitioner otherwise satisfy his burden by showing that exhaustion would be futile, result in irreparable injury, or that administrative proceedings would be void. Courts in

ORDER DENYING HABEAS PETITION - 8

this circuit have, for example, found irreparable injury and "routinely waived prudential exhaustion requirements for noncitizens . . . facing prolonged detention while awaiting administrative appeals." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253-54 (W.D. Wash. 2025) (citing cases and discussing evidence reflecting that bond appeal cases can take six months to a year or longer to resolve). However, Petitioner is not awaiting the outcome of an appeal of a bond redetermination decision. *See, e.g.*, *Scott*, 2025 WL 3514303, at *4 (finding waiver appropriate where petitioner had been in custody for more than twenty months and had two pending appeals before the BIA and the Ninth Circuit that "may yet take many months to resolve."). Petitioner has yet to request a bond redetermination hearing, the outcome of which he may or may not need to appeal.

Petitioner, in sum, fails to present facts and argument that would justify waiver of the prudential exhaustion requirement. His petition is therefore properly dismissed without prejudice due to his failure to exhaust administrative remedies.[3]

## IV.   CONCLUSION

The Court, for the foregoing reasons, finds the petition for habeas relief properly denied due to Petitioner's failure to exhaust his administrative remedies. The habeas petition is therefore DENIED and this action is DISMISSED without prejudice.

Dated this 8th day of April, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

---

[3] Because this matter is properly dismissed due to the failure to exhaust, the Court declines to address the arguments related to due process.

ORDER DENYING HABEAS PETITION - 9